CITY OF KETTERING *v.* CLARK.

[Cite as Kettering v. Clark (1971), 27 Ohio Misc. 73.]

(No. 5539-70—Decided April 28, 1971.)

Kettering Municipal Court.

*Mr. Philip K. Hargesheimer,* city prosecutor, for plaintiff.

*Mr. Jacob A. Myers,* for defendant.

BERGER, J. This court, after a very careful consideration of the motion for reconsideration filed by the defendant herein, through his counsel, and the memorandum in support thereof, and after a further careful review of the testimony given in the trial of this case, finds that the motion is not well taken and it should be and hereby is overruled.

The real issue presented by this motion and by the trial of this case was whether or not the defendant could be found guilty of the offense of petit larceny when he was allegedly in such an intoxicated condition that he was un-

able to form the necessary criminal intent to commit the crime with which he is charged.

The facts in this case indicate that the defendant awoke early on the morning of November 26, 1970, and that sometime during this morning his wife left him alone while she went into downtown Dayton on personal business; that the defendant consumed a pint of vodka and then went to the Imperial Foodtown market where he purchased at least another pint of vodka, which was of the 42 proof (or diluted) type of vodka. He returned to his home and consumed that bottle of vodka and ate, sometime around noon, a cheese sandwich. He then knew that he had to meet his wife at the bus stop near the Imperial Foodtown and so he returned to that store. He went in the front door and went directly to the wine counter area and obtained a fifth bottle of diluted vodka and started down the aisle toward the cash register area. While traversing that aisle, he dropped his bottle of vodka and it broke. He immediately returned to the wine counter area and obtained a second fifth bottle and started back down the same aisle that he had traversed before. This time he put the bottle in his coat or at least concealed it somewhere upon his person and walked right past the cash register area and out the front door, without having paid for either of the two bottles. He was stopped by the store detectives and returned to the office of the Imperial Foodtown, where he admitted to having taken the bottle of vodka.

It is the contention of the defendant that the vodka which he had consumed that day would make it impossible for him to formulate the necessary intent to commit the crime of petit larceny.

It is the opinion of this court that the contention of the defendant herein can not be sustained because to permit a person to be excused for the commission of a crime after he voluntarily caused his own state of intoxication, such as was done here, would be to say to every man that if you find something that will cause you to lose complete control of your faculties, then you will not be held responsible for those things that you do in such a condition. Could

we say that this defendant would have been not guilty of the offense of murder had he intentionally, while in that state of intoxication, killed another person?

It is the opinion of this court that voluntary intoxication may be a defense to a crime requiring a specific intent, if the person who is voluntarily intoxicated would not have reason to know that he was becoming intoxicated or what effect alcoholic beverages might have upon him if consumed to a great extent. In the instant case, the defendant testified that he had been a member of Alcoholics Anonymous and he even related a circumstance in which he had become intoxicated sometime before and had been returned to his home by a taxi some few days later, without any money, and without any recollection as to his whereabouts during the entire time. The defendant testified further that he had told his daughter that she was not to tell his wife that he had been drinking that day because he knew he would be in trouble. He testified further that this had been a continual problem for him.

It is the opinion of this court that intoxication such as this is not the type of voluntary intoxication that may be said to be a defense to a crime such as this, when the person knowingly puts himself into such a condition and knows what effect his actions are going to have upon him from past experience, and then commits a crime in that intoxicated state.

For the foregoing reasons, this court is of the opinion that the defendant has failed to establish his defense of voluntary intoxication and reaffirms its finding of guilty made by this court on March 28, 1971, and orders this defendant into this court at 9:00 o'clock a. m. on May 7, 1971, for sentencing in accordance with this decision.

*Motion overruled.*